UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL ACINELLI, | ) | No. CV 15-7917-AB (PLA) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| KIM HOLLAND, Warden, | ) | |
| Respondent. | ) | |

## I.

## BACKGROUND

A Los Angeles County Superior Court jury convicted petitioner of three counts of lewd or lascivious acts upon a child under the age of fourteen years, in violation of California Penal Code section 288(a), three counts of forcible oral copulation, in violation of California Penal Code section 288a(c), and one count of aggravated sexual assault (forcible oral copulation) of a child under the age of fourteen and ten or more years younger than himself, in violation of California Penal Code section 269(a)(4).  (Respondent's Notice of Lodgment Nos. 1-2).  He was sentenced to a total term of fifteen years to life in state prison.  (Id.).

On January 16, 2013, the California Board of Parole Hearings conducted a hearing to determine if petitioner was suitable for parole. (See Pet., Exh. A). Petitioner attended the hearing and was represented by counsel. (See id. at 304). Petitioner was afforded an opportunity to address the presiding commissioner. (See, e.g., id. at 135-36).

Ultimately, the parole board found petitioner unsuitable for parole. (Id. at 138). In doing so, the parole board informed petitioner of the materials it had considered in reaching that finding and explained to petitioner its reasons for finding him unsuitable for parole. (Id. at 137-47).

After exhausting his state court remedies with respect to the parole board's decision, petitioner filed the instant Petition.

## II.

## PETITIONER'S CONTENTIONS

1. The parole board's finding that petitioner was not suitable for parole violated his constitutional rights because there was insufficient evidence to show that he currently poses a danger to public safety. (Petition at 5(A), 5(A)-1, 5(A)-2).

2. Petitioner was deprived of his right to effective assistance of counsel on appeal from his conviction because his appellate counsel failed to raise several meritorious arguments on appeal. (Id. at 5).

3. The parole board's decision to defer petitioner's next parole suitability hearing for five years from the date of his hearing violated his rights under the Ex Post Facto Clause. (Id. at 5, 6(C)).

4. The parole board violated petitioner's right to due process by denying him parole based, in part, on the erroneous finding that he had inadequate parole plans. (Id. at 6, 6(D)).

## III.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Having conducted a preliminary review of the Petition, the Court issues

this Order To Show Cause directed to petitioner because, as explained below, the face of the Petition suggests that Grounds One, Three, and Four are not cognizable on federal habeas review.

### A.    Grounds One and Four

In Grounds One and Four, petitioner challenges the parole board's decision finding him unsuitable for parole. It appears that both of these grounds for relief are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011). There, the Supreme Court explained that a federal habeas court's inquiry -- in cases, such as this one, where a prisoner alleges a violation of the federal Due Process Clause in connection with the denial of parole -- is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 862 (citing Greenholtz v. Inmates of Neb. Penal and Correc. Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)).

Based on the hearing transcript that petitioner attached to the Petition, it appears that petitioner was provided with an opportunity to be heard and was provided a statement of the reasons why he was denied parole. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Although petitioner also complains that the parole board relied on improper or erroneous considerations in reaching its parole eligibility finding, this Court lacks the authority to evaluate the evidence used to deny petitioner parole. Rather, the Court can look only at whether the minimal requirements of due process have been met. Indeed, Cooke was unequivocal in holding that if an inmate seeking parole received the safeguards under Greenholtz, that should be the beginning and the end of the inquiry into whether the inmate received due process. Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011).

In light of Cooke, it appears that both of petitioner's challenges to the parole board's eligibility finding are foreclosed by Cooke.

### B.    Ground Three

In his third ground for relief, petitioner maintains that the parole board's application to his parole hearing of Proposition 9, which amended California Penal Code section 3041.5, violates

the Ex Post Facto Clause. According to petitioner, the application of Proposition 9 to his parole hearing impermissibly extended his sentence because it permitted the parole board to extend the period between parole eligibility hearings.

This claim, however, does not appear to cognizable in this habeas corpus proceeding because it presents the same issue that was pending before the court in the class action case of Gilman v. Fisher, 05-0830-LKK (GGH) (E.D. Cal.). Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the docket and records in Gilman, and the resulting cross-appeals before the Ninth Circuit Court of Appeals in Gilman v. Brown, Ninth Cir. Case Nos. 14-15613, 14-15680. One of the claims presented by the plaintiffs in the Gilman class action was that the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Proposition 9 violated the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." See Gilman, Doc. No. 154-1 at 13 (Fourth Amended/Supplemental Complaint); see also id., Doc. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint). With respect to this ex post facto claim, the class in Gilman was comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." Id., Doc. No. 340 (Apr. 25, 2011 Order amending definition of class).

Here, petitioner, who has been denied parole, was convicted of an offense that occurred before 2008, has been sentenced to a life term with possibility of parole, and did not opt out of the Gilman class. Therefore, he is a member of the Gilman class. Because petitioner falls within the Gilman class and he did not opt out of the class, he cannot maintain an independent ex post facto challenge to Proposition 9. See Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

On February 22, 2016, the Ninth Circuit issued an opinion resolving the Gilman cross-appeals. See Gilman v. Brown, 814 F.3d 1007, 1016-21 (9th Cir. 2016). Therein, the Ninth Circuit held that Proposition 9's deferral provisions do not violate the Ex Post Facto Clause. See id. In other words, the Ninth Circuit rejected the claim that petitioner seeks to raise in Ground

Four. As such, it appears that petitioner cannot maintain his independent ex post facto challenge and that any such challenge is foreclosed by the Ninth Circuit's decision in Gilman.

## IV.
## ORDER

Accordingly, petitioner is ordered to show cause as to why Grounds One, Three, and Four should not be dismissed for the reasons identified above. Petitioner shall file his response to this Order to Show Cause **no later than July 11, 2106**. Petitioner is admonished that failure to file a timely response to this Order to Show Cause may result in the instant Grounds One, Three, and Four being summarily dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 20, 2016

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE